UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>                            Plaintiff,<br><br>v.<br><br>CITY OF ROMULUS, *et al.*,<br><br>                            Defendants. | Case No. 25-cv-11383<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION
TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO
DISMISS (ECF NO. 11); REMAND THE STATE-LAW CLAIMS TO
STATE COURT; AND DENY AS MOOT PLAINTIFF'S MOTIONS FOR
IMMEDIATE CONSIDERATION (ECF NO. 4), PRELIMINARY
INJUNCTION (ECF NO. 5), AND EXPEDITED DISCOVERY (ECF NO. 7)**

## I.    Introduction

Defendants City of Romulus, Christopher Kososki, Alan Hindman, Marlisa Snider, and Jane Doe removed this action from Wayne County Circuit Court (WCCC) under 28 U.S.C. §§ 1441 and 1446, claiming subject-matter jurisdiction under 28 U.S.C. § 1331.  ECF No. 1.  Plaintiff John Doe alleges that defendants unlawfully infringed on his trademarked legal name, Karlos Harris, by using it to identify him on a traffic citation and in related

court proceedings.  ECF No. 3.[1]  The Honorable Matthew F. Leitman

referred the case to the undersigned for all pretrial matters under 28 U.S.C.

§ 636(b)(1).  ECF No. 8.

The Court ordered the parties to show cause why the action should

not be dismissed for lack of subject-matter jurisdiction because Harris did

not plausibly plead any federal claims.  ECF No. 10; ECF No. 14.

Defendants move to dismiss the action for the reasons described in the

order to show cause.  ECF No. 11.  Harris concedes that some of his

claims lack merit and seeks to amend his complaint.  ECF No. 12,

PageID.271, 273-274, 280-281.  Harris also moves for immediate

consideration, a preliminary injunction, and expedited discovery.  ECF No.

4; ECF No. 5; ECF No. 7.  The Court **RECOMMENDS** that defendants'

motion be **GRANTED IN PART AND DENIED IN PART**, that the state-law

claims be **REMANDED** to the WCCC, and that Harris's motions be

**DENIED** as moot.

## II.    Background

Harris alleges that he registered a trademark over his legal name and

a limited liability company bearing that name.  ECF No. 3, PageID.117-118.

---

[1] Harris, who initially appeared under the alias John Doe, now requests that
the matter proceed under his legal name.  ECF No. 12, PageID.274.

In February 2025, Kososki, a Romulus police officer, pulled Harris over for a traffic violation and issued a citation bearing his name.  *Id.*, PageID.118. The traffic violation gave rise to proceedings in 34th District Court, and the court's public docket likewise reflected Harris's name.  *Id.*, PageID.118-119.

Harris alleges that defendants' use of his name on the traffic citation and court docket was an unauthorized infringement of his identity and tradename.  *Id.*, PageID.110.  He claims that defendants "monetized" his name and converted "government-issued documents into revenue-generating securities" by maintaining a publicly traded municipal bond funded by municipal citations.  *Id.*, PageID.119-121.  Harris advances several federal claims: (1) deprivation of property without due process, under 42 U.S.C. § 1983; (2) conspiracy to deprive him of equal protection, under 42 U.S.C. § 1985; (3) violations of the Lanham Act, 15 U.S.C. § 1125(a)(1); (4) violation the Securities and Exchange Act of 1934, 15 U.S.C. § 78j and 17 C.F.R. § 240.10b-5; (5) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c); and (6) violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b).  *Id.*, PageID.123-129; ECF No. 1, PageID.43.  Harris also asserts

3

several state-law claims, including unjust enrichment, civil extortion, conversion, and identity theft.  ECF No. 3, PageID.130-133.

## III.   Analysis

### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678.  But "[t]hreadbare recitals of the elements of a cause of action,

4

supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

## B.

Harris concedes that his "sovereignty tradename claims" are frivolous and withdraws his claims under the Lanham Act, Securities and Exchange Act, RICO, and FCRA.  ECF No. 12, PageID.271, 273-274, 280-281. Those claims should be dismissed.  And Harris did not show cause why his due process and conspiracy claims premised on the allegedly wrongful use of his legal name should not likewise be dismissed.  Although the order to show cause cited no authority, *see* ECF No. 10, PageID.249, Harris's conspiracy claim fails because he cannot show an underlying constitutional deprivation based on the noncommercial use of his allegedly trademarked legal name.  *See Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 462 (6th

Cir. 2011) ("[I]n order for Umani to defeat defendants' claim for qualified immunity, he must first establish that a constitutional right was violated.").

## C.

Harris requested leave to amend in response to the show cause order and to defendants' motion to dismiss, but he did not actually move for leave to amend his complaint.  ECF No. 12, PageID.275-280, 281-282; ECF No. 18, PageID.336.  Harris's request is improper under the local rules, which state that "[m]otions must not be combined with any other stand-alone document."  E.D. Mich. LR 7.1(i).  Thus, a request to amend should not be included in a response brief.  *See Richardson v. Home Depot Inc.*, No. 23-10560, 2024 WL 4270021, at *3 (E.D. Mich. Sept. 23, 2024). Nor does Harris's request comply with the requirement that "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion."  E.D. Mich. LR 15.1.  Even if Harris corrected these procedural errors, he should not be granted leave to amend because his proposed amendments lack merit.

Rule 15(a)(2) states that leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v.*

6

*Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).  "A proposed

amendment is futile if the amendment could not withstand a Rule 12(b)(6)

motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417,

420 (6th Cir. 2000).

Harris seeks to shift the factual allegations on which his claims rest.

He now asserts that Kososki pulled him over for speeding but offered to

reduce the citation to distracted driving with a $180 fine if paid within 14

days.  ECF No. 12, PageID.275.  Harris chose to contest the charge and

appeared at a hearing before a magistrate in 34th District Court in April

2025.  *Id.*, PageID.276.  During the hearing, Kososki allegedly stated that

contesting the charge would lead to a harsher penalty and moved for the

violation to be amended to the speeding charge—conduct that Harris

claims was a coercive "shakedown."  *Id.*  The magistrate allegedly denied

Harris's unspecified motions, describing them as "bizarre."  *Id.*

Harris appeared for another hearing before a judge in 34th District

Court in May 2025, during which he observed that most defendants

awaiting hearing were Black.  *Id.*  Kososki again offered to charge Harris

with double parking, for a $180 fine.  *Id.*  Harris countered that he would

accept a deal with no fine, but the judge allegedly rejected that offer.  *Id.*

Harris again describes the proceedings as a "shakedown," claiming that

7

defendants conspired to coerce him and other Black drivers into paying fines and reverting to harsher penalties when charges were contested. *Id.*, PageID.276-277.

Harris seeks to advance an equal protection claim based on the allegedly discriminatory enforcement of traffic laws and coercion of Black drivers into paying fines. *Id.*, PageID.275-276. Selective enforcement can "lead to § 1983 liability if the plaintiff pleads purposeful discrimination." *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000) (cleaned up). To state a selective enforcement claim, a plaintiff must plead three elements:

> First, an official must single out a person belonging to an identifiable group, such as those of a particular race or religion for prosecution, even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, the official must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*Id.* (cleaned up); *see also Elsisy v. City of Keego Harbor*, No. 2:19-cv-13346, 2021 WL 1556754, at *5 (E.D. Mich. Feb. 3, 2021), *adopted*, 2021 WL 869656 (E.D. Mich. Mar. 9, 2021). As to the first element, "it is an absolute requirement that the plaintiff make at least a *prima facie* showing that similarly situated persons outside his category were not prosecuted." *Gardenhire*, 205 F.3d at 319 (cleaned up).

8

Harris does not allege that similarly situated drivers of other races either were not prosecuted or were given lesser fines for speeding. Although he alleges that most of the other defendants awaiting hearings in the 34th District Court were Black, he does not allege that they were appearing for traffic violations, rather than civil or general criminal proceedings. No inference may be drawn from this allegation that the traffic laws are enforced more harshly against Black drivers. Nor does Harris allege facts showing that defendants were more lenient with non-Black drivers who contested traffic citations. The equal protection claim is thus futile.

Harris next seeks to add a due process claim based on allegedly coercive plea tactics. ECF No. 12, PageID.277-278. This claim implicates the *Heck* doctrine. Under *Heck v. Humphrey*, a § 1983 suit that would render a conviction or sentence invalid requires proof that the conviction or sentence has been reversed, expunged, or declared invalid. 512 U.S. 477, 486-87 (1994). So a plaintiff cannot bring an action "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The doctrine applies to traffic citations as well as criminal convictions. *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003); *McKinzie-Bey v. Robert*,

9

No. 2:21-cv-12777, 2021 WL5758895, at *3 (E.D. Mich. Dec. 3, 2021);

*Brooks v. Michigan*, Nos. 08-CV-14112-DT, 08-CV-14114-DT, 2008 WL

4810803, at *4 (E.D. Mich. Oct. 31, 2008).

Harris says that he accepted the plea and paid the fine as the "only

resolution," and the case record shows that he paid the fine.  ECF No. 12,

PageID.276-278; *City of Romulus v. Harris*, No. 2025-25RP01136-ON.[2]

But Harris claims that his decision to pay the fine rather than to contest the

traffic citation further was coerced.  Challenging the voluntariness of a plea

implicates the validity of the conviction, so Harris's claim is barred under

*Heck*.  *See Palmer v. Kilpatrick*, 65 F. App'x 999, 999 (6th Cir. 2003)

(holding that a favorable ruling on a claim that a plea was coerced would

implicate the validity of the convictions and was barred under *Heck*); *Hann*

*v. Michigan*, No. 05-CV-71347, 2006 WL 1698967, at *4 (E.D. Mich. June

14, 2006) ("[P]laintiff takes issue with…the plea agreement, akin to

ineffective assistance of counsel and validity of the plea agreement claims,

that are more appropriately the subject of a petition for writ of habeas

corpus.").  The due process claim is also futile.

---

[2] *See* MiCOURT Case Search, https://micourt.courts.michigan.gov/case-search/court/D34/case-details?caseId=2025-25RP01136-ON-01&tenantKey=D34-82-0636147-00-00&searchUrl=%2Fcourt%2FD34%2Fsearch%3FlastName%3Dharris%26firstName%3Dkarlos%26page%3D1 (last visited August 8, 2025).

10

Harris also seeks to assert a conspiracy claim under 42 U.S.C. § 1985.  ECF No. 12, PageID.279-280.  That claim is based on the same allegations of racial discrimination and coercion underlying Harris's equal protection and due process claims.  *Id.*  A § 1985 conspiracy claim requires "that the accused conspirators entered the conspiracy for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws."  *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 367 (6th Cir. 2012) (cleaned up).  The complaint must "allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action."  *Id.* (cleaned up).  And a conspiracy claim must be alleged "with some degree of specificity" and cannot rely on vague and conclusory allegations without supporting facts.  *Id.* (cleaned up).

Again, any claim of a conspiracy to coerce Harris into pleading to the traffic violation would implicate the validity of the citation and would be barred under *Heck*.  Nor does Harris state a conspiracy claim based on the alleged racial discrimination because he has not pleaded a plausible constitutional violation.  *See Volunteer Med. Clinic, Inc., v. Operation Rescue*, 948 F.2d 218, 226 (6th Cir. 1991) ("[T]o fall within the remedial purview of § 1985(3), a plaintiff must allege that he has suffered the violation of a [constitutional] right.").  Harris also makes conclusory

11

allegations of a conspiracy that do not show a "meeting of the minds" among the defendants to selectively enforce the traffic laws.  *See Alexander v. Calzetta*, No. 2:16-CV-13293, 2018 WL 8345100, at *8 (E.D. Mich. Dec. 18, 2018), *adopted*, 2019 WL 1011106 (E.D. Mich. Mar. 4, 2019).

Last, Harris asserts a municipal liability claim against Romulus, claiming that it maintained a policy or custom of discriminatory enforcement and identity theft.  ECF No. 12, PageID.278-279.  As discussed above, Harris has not plausibly alleged that defendants violated his equal protection rights because of the allegedly selective enforcement of the traffic laws.  Thus, Harris fails to state a municipal liability claim because he suffered no underlying constitutional violation.  *See Craddock v. Cnty. of Macomb*, 718 F. Supp. 3d 683, 696 (E.D. Mich. 2024).

And municipal liability arises only if the challenged conduct occurred under an "official policy" so that the municipality's "promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights."  *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)).  A party cannot be liable under § 1983 based on *respondeat superior*.  *Monell*, 436 U.S. at 691.  "A plaintiff must therefore

12

specify a governmental policy or custom from which his injuries flowed."

*Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Municipal liability can stem from either official or unofficial policies.

*Savoie v. Oliver*, 731 F. Supp. 3d 862, 869-70 (E.D. Mich. 2024).  Harris

does not identify a specific policy, so the Court assumes that he seeks to

allege that Romulus maintains an unofficial policy.  To prevail on an

unofficial policy or "inaction" theory, a plaintiff must allege:

> (1) the existence of a clear and persistent pattern of illegal
> activity; (2) notice or constructive notice on the part of the
> defendant; (3) the defendant's tacit approval of the
> unconstitutional conduct, such that their deliberate indifference
> in their failure to act can be said to amount to an official policy
> of inaction; and (4) that the defendant's custom was the
> "moving force" or direct causal link in the constitutional
> deprivation.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (cleaned

up).  To establish a "clear and persistent pattern," a plaintiff "cannot rely

solely on a single instance to prove the existence of an unconstitutional

custom."  *Franklin v. Franklin Cnty.*, 115 F.4th 461, 472 (6th Cir. 2024).

And although the prior examples of wrongdoing need not be identical, they

"must violate the same constitutional rights as the plaintiff's and violate

them in the same way."  *Id.* (cleaned up).

Harris has not alleged other instances of the traffic laws being

enforced in a racially discriminatory manner.  Although he claims that most

13

other defendants awaiting court hearings were Black, he does not allege

that they were appearing for traffic violations rather than other types of

proceedings.  Nor does he allege that Romulus was on notice of the

allegedly selective enforcement.  Thus, his municipal liability claim is futile.

**D.**

Defendants also seek dismissal of Harris's state-law claims.  ECF No.

11, PageID.264-268.  Rather than dismiss the state-law claims on the

merits, the court should decline to exercise supplemental jurisdiction over

them.  Because Harris's constitutional claims should be dismissed, the

case does not retain a federal character.  Under 28 U.S.C. § 1367(c)(3),

the court should decline to extend supplemental jurisdiction over Harris's

state-law claims and remand them to the WCCC.  *See Royal Canin U.S.A.,*

*Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (stating that a court should

ordinarily decline to exercise supplemental jurisdiction when federal claims

are eliminated from a complaint); *see also McIness v. City of Detroit*, No.

16-cv-13918, 2018 WL 3390436, at *5 (E.D. Mich. July 12, 2018) (in an

action that was removed to federal court, declining to exercise

supplemental jurisdiction over the remaining state-law claims and

remanding them to the state court).

## IV.   Conclusion

The Court thus **RECOMMENDS** that defendants' motion to dismiss be **GRANTED IN PART AND DENIED IN PART**; that the state-law claims be remanded to the WCCC; and that Harris's motions for immediate consideration (ECF No. 4), preliminary injunction (ECF No. 5), and expedited discovery (ECF No. 7) be **DENIED** as moot.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 13, 2025

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 13, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager