UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

                        Plaintiff,

v.

CITY OF ROMULUS, *et al.*,

                        Defendants.

Case No. 25-cv-11383
Honorable Matthew F. Leitman
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO AMEND COMPLAINT
(ECF NO. 22, 23)**

---

## I.    Introduction

Pro se plaintiff John Doe, now proceeding under his legal name Karlos Harris, brings this action against Defendants City of Romulus, Christopher Kososki, Alan Hindman, Marlisa Snider, and Jane Doe.  ECF No. 3.  The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

The Court recently recommended that Harris's federal claims be dismissed and that his state-law claims be remanded to state court.  ECF

No. 20.  Harris now moves to amend his complaint.  ECF No. 22; ECF No.

23.  The Court **RECOMMENDS** that Harris's motion be **DENIED**.[1]

## II.    Analysis

### A.

Federal Rule of Civil Procedure 15(a)(2) states that leave to amend

should be freely given "when justice so requires."  But a motion to amend

"should be denied if the amendment is brought in bad faith, for dilatory

purposes, results in undue delay or prejudice to the opposing party, or

would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010)

(cleaned up).  "A proposed amendment is futile if the amendment could not

withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford*

*Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal

sufficiency.  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] Although a motion to amend is not ordinarily considered dispositive, because the Court's recommendation would result in closure of the case, denying his motion to amend amounts to dismissing his case with prejudice.  *See Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001) ("In determining whether a particular motion is dispositive, the court undertakes functional analysis of the motion's potential effect on litigation.").  Thus, the Court errs on the side of caution and proceeds under 28 U.S.C. § 636(b)(1)(B).

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court

explained, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Id.*

In deciding whether a plaintiff has set forth a plausible claim, the

Court must construe the complaint in the light most favorable to the plaintiff

and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at

678.  Pleadings filed by pro se litigants are entitled to a more liberal reading

than would be afforded to formal pleadings drafted by lawyers, but such

complaints still must plead a plausible claim for relief.  *Davis v. Prison

Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481

F.3d 434, 437 (6th Cir. 2007).

## B.

Harris claims that his proposed amended complaint "narrows" his

claims and eliminates theories that lacked merit.  Yet his proposed

amended complaint asserts the same factual allegations and claims

advanced in response to the Court's show cause order and rejected in the

report and recommendation (R&R).  *See* ECF No. 22, PageID.393-403.

For the reasons explained in the R&R, Harris's motion to amend is futile.

3

This is the third time Harris seeks to amend.  He amended his complaint as a matter of right.  ECF No. 3.  Apparently conceding the frivolity of his claims in response to the show cause order, Harris sought leave to amend to assert new facts and legal theories.  ECF No. 12, PageID.275-280.  Now, after the Court found that his new claims lacked merit, Harris seeks to amend again but asserts the same facts and claims already addressed.  Denial of Harris's motion is also appropriate given his repeated failure to cure the deficiencies in his complaint.  *See Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005).

## III.    Conclusion

The Court **RECOMMENDS** that Harris's motion to amend be **DENIED** (ECF Nos. 22, 23).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 10, 2025

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 10, 2025.

s/Davon Allen

DAVON ALLEN
Case Manager