# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

JOHN DOE,

    Plaintiff

Case Number: 2:25-cv-11383-MFL-EAS
Judge: Hon. Matthew F. Leitman
Magistrate Judge: Elizabeth A. Stafford

CITY OF ROMULUS, et al.

    Defendants.

Lower Court: Wayne County Circuit Court
Case No.: 25-005540-CZ
Hon. Martha Snow

---

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO AMEND COMPLAINT [ECF NO. 25]

**NOW COMES** the Plaintiff, Karlos Harris, proceeding pro se, and respectfully submits this Plaintiff's Objections To Magistrate Judge's Report And Recommendation To Deny Plaintiff's Motion To Amend Complaint [ECF NO. 25], filed September 10, 2025], pursuant to Fed. R. Civ. P. 72(b)(2), 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 7.1(h)(3), and in support thereof states as follows:

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................2
INDEX OF AUTHORITIES............................................................................2
INTRODUCTION............................................................................................4
OBJECTION NO. 1:........................................................................................5
OBJECTION NO. 2:........................................................................................8
OBJECTION NO. 3:........................................................................................9
OBJECTION NO. 4:......................................................................................11
OBJECTION NO. 5:......................................................................................13
CONCLUSION..............................................................................................15

## INDEX OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ..............................................4, 9

Benzon v. Morgan Stanley Distributors, Inc., 420 F.3d 598 (6th Cir. 2005) ......................................................................................................6

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) .......................10

Colvin v. Caruso, 605 F.3d 282 (6th Cir. 2010) ...................................7

Davis v. Prison Health Servs., 679 F.3d 433 (6th Cir. 2012)...............7

Foman v. Davis, 371 U.S. 178 (1962) ..................................................6

Garcia v. Vanderbilt Univ., 64 F.4th 783 (6th Cir. 2023) .....................7

Gardenhire v. Schubert, 205 F.3d 303 (6th Cir. 2000) ........................8

Haines v. Kerner, 404 U.S. 519 (1972) ...........................................3, 6

Heck v. Humphrey, 512 U.S. 477 (1994) ............................................5

Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566 (6th Cir. 2002) .................................................................................13–14

Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007) ................................................................................................10

Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417 (6th Cir. 2000) .................................................................................................5

Thomas v. Eby, 481 F.3d 434 (6th Cir. 2007) ......................................6

Vogel v. U.S. Off. Prods. Co., 258 F.3d 509 (6th Cir. 2001) ................7

Washington v. Davis, 426 U.S. 229 (1976) ..........................................5

**Statutes**

- 28 U.S.C. § 636(b)(1) .......................................................................3

- 28 U.S.C. § 1367(a), (c) .............................................................10–11

- Mich. Comp. Laws § 445.65 .............................................................9

**Rules**

- Fed. R. Civ. P. 12(b)(6) ...................................................................................9
- Fed. R. Civ. P. 15(a) ....................................................................................6-7
- Fed. R. Civ. P. 65 .........................................................................................13
- Fed. R. Civ. P. 72(b)(2) ................................................................................2-3

**INTRODUCTION**

NOW COMES the Plaintiff, Karlos Harris, proceeding pro se, and respectfully submits these Objections to the Magistrate Judge's Report and Recommendation ("R&R") to deny Plaintiff's Motion to Amend Complaint [ECF No. 25, filed September 10, 2025], pursuant to Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1). In support thereof, Plaintiff states as follows:

The R&R of September 10, 2025, recommends denying Plaintiff's motion to amend on grounds of futility and repeated failure to cure deficiencies. This recommendation is fundamentally flawed because it repeats the central error of the Magistrate's first R&R [ECF No. 20]: it fails to conduct a substantive analysis of the specific factual allegations within the Proposed

4

Amended Complaint [ECF No. 22]. Instead, the R&R summarily declares the allegations to be "the same" as those previously rejected, a conclusion that is factually incorrect.

The Proposed Amended Complaint is not a simple repackaging of old theories. It is a focused pleading that abandons prior claims, narrows the legal theories to §§ 1983 and 1985, and, most importantly, alleges a detailed sequence of events that states plausible claims for relief. When construed with the liberality afforded to pro se pleadings under Haines v. Kerner, 404 U.S. 519 (1972), and viewed through the lens of Rule 15(a)'s mandate to "freely give" leave to amend, the proposed amendment is not futile. The R&R's contrary conclusion is legal error and should be rejected.

Plaintiff labels these objections as follows:

**OBJECTION NO. 1:**

**The R&R Erroneously Finds the Due Process Claim Futile by Misapplying *Heck v. Humphrey* and Ignoring Specific Allegations of Coercion**

The first R&R, which the second R&R incorporates by reference, concluded that Plaintiff's due process claim based on a coerced plea is barred by Heck v. Humphrey, 512 U.S. 477 (1994). This finding is incorrect. Plaintiff's claim does not challenge his guilt or the factual basis for the ultimate "double parking" ticket; rather, it challenges the constitutionality of the process used to secure his payment, which was allegedly driven by threats and bad faith.

The Proposed Amended Complaint cures any prior vagueness by pleading specific, non-conclusory facts demonstrating a pattern of unconstitutional coercion:

1. Initiation of Coercive Conduct (Feb. 19, 2025): The process began not with a simple citation, but with Officer Kososki immediately offering to reduce the speeding charge to "distracted driving" in exchange for a pre-determined sum of $180. This transforms the interaction from a law enforcement action into a financial negotiation, setting the stage for coercion.

2. Explicit Threats and Penalization for Contesting Charges (Apr. 10, 2025): At the first hearing, Officer Kososki explicitly threatened Plaintiff with "harsher penalties" for refusing the plea offer. This is the

6

    essence of a due process violation—penalizing an individual for exercising their right to contest a charge. Concurrently, Magistrate Hindman facilitated this coercion by dismissing Plaintiff's motions as "bizarre" without due consideration, signaling that the judicial process would offer no protection.

3. Arbitrary and Coercive Resolution (May 15, 2025): The scheme culminated in the offer to plead to "double parking"—an offense factually disconnected from the initial stop—for the identical $180 fine. This fact demonstrates that the actual offense was irrelevant; the sole objective was to extract $180 through any means necessary. Plaintiff was coerced into accepting this plea to avoid the threatened harsher penalties.

Taken as true, these allegations state a plausible claim that Plaintiff's plea was involuntary and obtained in violation of his due process rights. Success on this claim would not invalidate his conviction but would affirm that the state actors' conduct was unconstitutional, making the claim permissible and not barred by Heck.

7

**OBJECTION NO. 2:**

**The R&R Erroneously Finds the Equal Protection Claim Futile by Applying an Evidentiary Standard at the Pleading Stage**

The first R&R determined the selective enforcement claim was futile because Plaintiff did not plead that "similarly situated drivers of other races" were treated more leniently. The R&R improperly demands a level of proof that is impossible for a plaintiff to possess before discovery. As the Sixth Circuit has noted, a plaintiff is not required "to plead facts that are in the exclusive control of the defendants". *Garcia v. Vanderbilt Univ., 64 F.4th 783, 792 (6th Cir. 2023)*. The Proposed Amended Complaint cures the deficiency by providing a sufficient factual predicate to make the claim plausible:

- Pleading Discriminatory Context: Plaintiff alleges that on May 15, 2025, he personally observed that "the majority of defendants appearing in the courtroom were Black". The R&R improperly resolves this factual allegation against Plaintiff by speculating that they could have been there for other matters. At the pleading stage, this specific observation must be accepted as true and creates a

8

   plausible factual context suggesting racially disproportionate enforcement.

- Pleading a Discriminatory Scheme: The bait-and-switch plea tactic is a specific, articulable policy or custom. When this coercive scheme is viewed in the context of a courtroom predominantly filled with Black defendants, it supports a plausible inference of both discriminatory purpose and effect, satisfying the pleading requirements of Gardenhire v. Schubert, 205 F.3d 303 (6th Cir. 2000).

The R&R's futility finding is based on Plaintiff's inability to produce comparative data that only the Defendants possess. This error is compounded by Plaintiff's documented, and denied, FOIA requests seeking precisely this type of demographic and citation data. The claim is plausible, and discovery is necessary to substantiate it.

**OBJECTION NO. 3:**

**The R&R Erroneously Finds the Conspiracy Claim Futile by Ignoring Allegations of Specific, Concerted Actions**

The first R&R dismissed the § 1985 conspiracy claim as conclusory, finding no facts to support a "meeting of the minds". The Proposed Amended Complaint cures this by alleging a clear sequence of coordinated actions by multiple state actors working toward a common, unlawful goal.

- Officer Kososki initiated the scheme and provided the threats that formed the basis of the coercion.
- Magistrate Hindman participated in the conspiracy by refusing to provide a legitimate judicial forum, dismissing Plaintiff's motions out of hand and thereby ratifying and enabling Kososki's unlawful threats.
- The Prosecutor (acting with Kososki) joined the conspiracy by consenting to and offering the final, factually baseless "double parking" plea on May 15. This is a direct allegation of a "meeting of the minds" between the executive (police/prosecutor) and judicial (magistrate) branches to execute the scheme.

These are not vague allegations; they are specific, interlocking actions by identified actors that cannot be logically explained as mere coincidence. They plausibly allege a conspiracy "with some degree of specificity" to deprive Plaintiff of his civil rights.

**OBJECTION NO. 4:**

**The R&R's Recommendation to Remand State-Law Claims is Premature and Should Be Rejected in Favor of Retaining Supplemental Jurisdiction**

The second R&R, by incorporating the first R&R's analysis, implicitly recommends remanding the state-law claims to state court because it finds all federal claims futile and subject to dismissal. This recommendation is premature and erroneous, as the Proposed Amended Complaint plausibly alleges federal claims under §§ 1983 and 1985, as detailed in Objections 1-3 above. Retaining these federal claims provides a proper anchor for supplemental jurisdiction over the related state-law claims under 28 U.S.C. § 1367(a), which allows federal courts to hear state claims that "form part of the same case or controversy" as federal claims.

Even if some federal claims were dismissed—a conclusion Plaintiff contests—the Court should exercise its discretion to retain supplemental jurisdiction over the state claims to promote judicial economy, convenience, fairness, and comity, as outlined in 28 U.S.C. § 1367(c). The Sixth Circuit has emphasized that dismissal of federal claims does not automatically require remand; instead, courts should weigh factors such as the stage of

litigation and the avoidance of duplicative proceedings. See, e.g., Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007) (noting that supplemental jurisdiction survives dismissal of original jurisdiction claims if the court chooses to retain it); see also *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988) (Supreme Court holding that dismissing federal claims does not necessarily divest jurisdiction over state claims). Here, the case is in its early stages, but significant resources have already been invested in federal court, including multiple R&Rs, objections, and responses. Remanding now would force relitigation in state court, wasting judicial resources and delaying resolution.

Moreover, Defendants' arguments in their response to Plaintiff's prior objections [ECF No. 24, PageID.427-428]—urging the Court to dismiss state claims with prejudice or issue a pre-remand order barring federal claims in state court—highlight the inefficiency of remand. Defendants cite concerns over "waste" and potential re-removal if Plaintiff amends in state court, but this overreaches and ignores principles of comity, which favor state courts resolving state issues only when no federal hook remains. Their request for a barring order lacks precedent and would violate Plaintiff's due process rights by preemptively limiting amendments without evidence of bad faith. Instead, since the federal claims are viable, the Court

12

should reject remand and retain the entire case, avoiding the "ping-pong" litigation Defendants fear while ensuring a unified forum. This approach aligns with Sixth Circuit guidance that remand is not mandatory post-federal dismissal if retention serves justice (see Vogel v. U.S. Off. Prods. Co., 258 F.3d 509 (6th Cir. 2001), discussing functional analysis of jurisdiction retention).

**OBJECTION NO. 5:**

**The R&R's Finding of Mootness for Pending Motions is Procedurally Improper**

The second R&R, by deeming the amendment futile and effectively recommending case closure, implicitly renders Plaintiff's pending motions—for immediate consideration [ECF No. 4], preliminary injunction [ECF No. 5], and expedited discovery [ECF No. 7]—moot. This conclusion is procedurally improper and contingent on the flawed assumption that all federal claims must be dismissed. As argued in prior objections, the Proposed Amended Complaint states plausible federal claims, reviving the case and necessitating merits review of these motions. Dismissal typically

13

moots such motions only if no live controversy remains, but here, ongoing harms (e.g., alleged identity misuse in falsified NHTSA data) persist, preserving justiciability. See Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002) (mootness occurs only when events eliminate the need for relief; preliminary injunctions address irreparable harm that continues post-filing).

Defendants' arguments in their response [ECF No. 24, PageID.428-429]—claiming the motions are moot because allowing them in a "dismissed case defies logic" and wastes resources—beg the question by assuming dismissal. If the Court grants amendment, as Plaintiff urges, mootness evaporates. For the preliminary injunction, Plaintiff alleges irreparable harm from continued misuse of his personal data for fraudulent grants, satisfying the factors under Fed. R. Civ. P. 65 (likelihood of success, irreparable injury, balance of equities, public interest).The Magistrate Judge's finding that the motions for a preliminary injunction (ECF No. 5) and expedited discovery (ECF No. 7) are moot is incorrect because it wrongly assumes the federal claims will be dismissed. If the Proposed Amended Complaint is accepted, these motions remain live and must be considered. The request for a preliminary injunction seeks to prevent the ongoing irreparable harm caused by the misuse of the Plaintiff's identity in

court and traffic reporting data. According to the Sixth Circuit, injunctive relief is warranted where such ongoing harm is present, as established in Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 578 (6th Cir. 2002). Expedited discovery is necessary to support this injunction, particularly because critical evidence needed to prove the claims is in the exclusive possession of the Defendants and has already been denied through FOIA requests.

Plaintiff's affidavit [ECF No. 12, Ex. A] details specific, ongoing injuries (e.g., coerced payment's lingering effects, data falsification), underscoring that these motions address live issues. Denying them as moot without merits review would prejudice a pro se litigant, contravening access-to-justice principles. The Court should reject this portion of the R&R, find the motions viable upon amendment, and proceed to evaluate them.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's R&R [ECF No. 25] is based on a misreading of the Proposed Amended Complaint and a

misapplication of controlling legal standards. Plaintiff respectfully requests that the Court REJECT the R&R, GRANT Plaintiff's Motion for Leave to File Amended Complaint [ECF No. 22], and allow this case to proceed on the merits of the clarified and plausible claims.

**Respectfully submitted,**

/s/ _____        Date: September 11, 2025

    Karlos Harris
      in Pro se

### CERTIFICATE OF SERVICE

I, Karlos Harris, certify that on September 11, 2025, I served a copy of this Plaintiff's Objections To Magistrate Judge's Report And Recommendation To Deny Plaintiff's Motion To Amend Complaint [ECF No. 25] upon counsel of record, Michael D. Hanchett, via email to

mhanchett@plunkettcooney.com and by filing through the Court's ECF System.

/s/ _____          Date: September 11, 2025

   Karlos Harris