UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

Case No. 25-cv-11383
Hon. Matthew F. Leitman

CITY OF ROMULUS, *et al.*,

    Defendants.
_____/

**ORDER (1) ADOPTING RECOMMENDED DISPOSITIONS OF REPORTS AND RECOMMENDATIONS (ECF Nos. 20, 25), (2) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORTS AND RECOMMENDATIONS (ECF Nos. 21, 27), (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 11), (4) DENYING PLAINTIFF'S PENDING MOTIONS (ECF Nos. 4, 5, 7, 22), AND (5) REMANDING STATE-LAW CLAIMS TO STATE COURT**

In this action, Plaintiff John Doe a/k/a Karlos Harris ("Harris") brings claims against the City of Romulus and employees of the City of Romulus under both federal and state law. Harris initially filed this action in state court, and Defendants removed the action on May 13, 2025. (*See* Notice of Removal, ECF No. 1.) Several motions are now before the Court. Defendants have moved to dismiss Harris' claims (*see* Mot., ECF No. 11), and Harris has filed motions for (1) immediate consideration (ECF No. 4), (2) injunctive relief (ECF No. 5), (3) expedited discovery (ECF No. 7), and (4) leave to file a Second Amended Complaint (ECF No. 22). All of the motions were referred to the assigned Magistrate Judge.

1

On August 13, 2025, the Magistrate Judge issued a Report and Recommendation in which she recommended that the Court (1) grant in part and deny in part Defendants' motion to dismiss, (2) deny Harris' motions for immediate consideration, preliminary injunction, and expedited discovery as moot, and (3) remand Harris' state-law claims to state court (the "First R&R"). (*See* First R&R, ECF No. 20.)  Then, on September 10, 2025, the Magistrate Judge issued a second Report and Recommendation in which she recommended that the Court deny Harris' motion for leave to file a Second Amended Complaint as futile (the "Second R&R"). (Second R&R, ECF No. 25.)  Harris has filed objections to both R&Rs. (*See* Objs., ECF Nos. 21, 27.)

The Court has carefully reviewed all of the parties' filings in this case, and it concurs with the recommendations of the Magistrate Judge.  The Court therefore **OVERRULES** Harris' objections to the R&Rs, **ADOPTS** the recommended dispositions of those reports, **GRANTS** Defendants' motion to dismiss to the extent that it seeks dismissal of Harris' federal claims, **DISMISSES** all of Harris' federal claims, **DENIES** all of Harris' pending motions, and **REMANDS** Harris' state-law claims to state court.

# I

## A

The Magistrate Judge fully described the facts and procedural history of this case in the First R&R. In brief, Harris alleges that in February 2025, he was pulled over in the City of Romulus by Defendant police officer Christopher Kososki and issued a traffic citation for distracted driving. (*See* First Am. Compl., ECF No. 3, PageID.118.) Harris eventually admitted responsibility to the lesser charge of double parking in Michigan's 34th District Court, and he paid a fine of $180.00.[1]

Harris then filed this civil action in the Wayne County Circuit Court. (*See* Compl., ECF No. 1-2.) Defendants thereafter removed Harris' case to this Court, and Harris filed a First Amended Complaint. (*See* Notice of Removal, ECF No. 1; First Am. Compl., ECF No. 3.) That First Amended Complaint is the currently-operative Complaint in this action.

In his First Amended Complaint, Harris alleges, among other things, that he owns a trademark in his legal name and that the Defendants "unlawfully used [his] name and personal identifiers for administrative and financial purposes without [his] consent, resulting in the conversion of [his] property into revenue-generating

---

[1] *See* Register of Actions, *City of Romulus v. Harris*, Case No. 2025-25RP01136-ON, located at: https://micourt.courts.michigan.gov/case-search/court/D34/case-details?caseId=2025-25RP01136-ON-01&tenantKey=D34-82-0636147-00-00&searchUrl=%2Fcourt%2FD34%2Fsearch%3FlastName%3DHarris%26firstName%3DKarlos%26page%3D1.

3

instruments indexed to municipal securities." (First Am. Compl., ECF No. 3, PageID.110.)  He brings several federal claims against the Defendants, including claims under the Lanham Act, the Securities and Exchange Act of 1934, the Fair Credit Reporting Act ("FCRA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*See id.*, PageID.123-129.)  He also brings federal due process and conspiracy claims arising out of the alleged wrongful use of his name, and state-law claims for unjust enrichment, civil extortion, conversion, and identity theft. (*See id.*)

**B**

On May 28, 2025, Defendants moved to dismiss all of Harris' claims. (*See* Mot., ECF No. 11.)  The Magistrate Judge also issued an order to show cause, directing the parties to show cause why Harris' First Amended Complaint should not be dismissed for lack of subject-matter jurisdiction. (*See* Orders, ECF Nos. 10, 14.)  In response to Defendants' motion and the Magistrate Judge's show cause order, Harris conceded that several of his federal claims arising out of the alleged wrongful use of his legal name were not viable and lacked merit. (*See, e.g.*, Resp., ECF No. 18, PageID.326-327.)  Harris then said that he wanted to amend his claims.  Harris' proposed amendments were far different from his original claims.  While Harris' claims in the First Amended Complaint all arose out of the alleged "unauthorized use, misrepresentation, and monetization of [Harris'] personal identifiers" (First Am.

4

Compl., ECF No. 3, PageID.125), Harris' proposed new claims have nothing to do with Defendants' alleged use or monetization of his name. Instead, Harris now says, among other things, that (1) he was subjected to a "shakedown" by the officer who wrote him the traffic citation (Defendant Kososki) that coerced him into accepting a plea to a "fabricated double parking violation" and (2) Defendants selectively enforce their traffic laws against African American drivers like him in violation of his constitutional rights. (Resp., ECF No. 18, PageID.330-332.)

Finally, on August 26, 2025, Harris filed a formal motion seeking leave to file a Second Amended Complaint that included his proposed new claims. (*See* Mot, ECF No. 22.)

## C

On August 13, 2025, the assigned Magistrate Judge issued the First R&R. (*See* First R&R, ECF No. 20.) In that R&R, the Magistrate Judge began by reviewing the claims in Harris' First Amended Complaint. She noted that Harris had "conced[ed] that his 'sovereignty trademark claims' [were] frivolous" and that he had "withdraw[n]" his claims under the Lanham Act, Securities and Exchange Act, RICO, and FCRA. (*Id.*, PageID.354.) She then explained that Harris' federal due process and conspiracy claims failed because he could not show a "constitutional deprivation based on the noncommercial use of his allegedly trademarked legal name." (*Id.*) She therefore recommended that the Court dismiss all of Harris' federal

5

claims that he raised in the Frist Amended Complaint. She then recommended that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims in that pleading. (*See id.*, PageID.354-355, 363.)

The Magistrate Judge then turned to the new claims that Harris said he wanted to bring in his response to the Defendants' motion to dismiss: the claims based on Harris' allegations that (1) he had been coerced into accepting a plea to a double parking violation and (2) Defendants selectively enforce their traffic laws against African American drivers.[2] She concluded that "he should not be granted leave to amend" to assert those new claims because the "propose[d] amendments lack[ed] merit." (*Id.*, PageID.355.) More specifically, the Magistrate Judge explained that:

- Harris' proposed claim that Defendants selectively enforce their traffic laws against African American drivers failed because Harris had not pleaded facts that could support a *prima facie* showing that similarly situated drivers outside of his protected category were not prosecuted for traffic-related offenses (*id.*, PageID.357-358);

---

[2] In the First R&R, the Magistrate Judge noted that, at that time, "Harris's request [to amend to add his new claims was] improper" because he had not filed a formal motion to amend that attached a copy of his proposed Second Amended Complaint. (First R&R, ECF No. 20, PageID.355.) Nonetheless, the Magistrate Judge went on to substantively review Harris' proposed new claims. Those claims were the same claims that Harris included in his later motion for leave to file a Second Amended Complaint.

6

- Harris' proposed due process claim arising out of "allegedly coercive plea tactics" was not cognizable under *Heck v. Humphrey*, 512 U.S. 447 (1994) because success on that claim would "implicat[e] the validity of [his] conviction" (*id.*, PageID.358-359);

- Harris' proposed conspiracy claim "based on the same allegations of racial discrimination and coercion underlying Harris's" constitutional claims failed because (1) Harris had failed to allege a viable selective-enforcement claim and (2) to the extent the claim implicated Harris' state-court traffic conviction, it was barred under *Heck* (*id.*, PageID.360-361); and

- Harris' proposed municipal liability claim against the City of Romulus failed because he had "suffered no underlying constitutional violation" (*id.*, PageID.361).

After the Magistrate Judge issued the First R&R, Harris filed a formal motion for leave to amend in which he sought to raise his selective enforcement and coercion-based claims. (*See* Mot., ECF No. 22.)  Harris filed that motion even though the Magistrate Judge had indicated in the First R&R that he should not be permitted to bring those claims. On September 10, 2025, the Magistrate Judge issued the Second R&R in which she recommended that the Court deny Harris' motion to amend for all of the reasons that she previously explained in the First R&R (and that the Court summarized above). (*See* Second R&R, ECF No. 25.)

7

Harris has filed objections to both R&Rs. (*See* Objs., ECF Nos. 21, 27.) Both sets of objections primarily attack the reasoning and recommendations included in the First R&R. The Court will address each of Harris' objections separately below.

II

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

A district court need not conduct a *de novo* review of non-dispositive rulings issued by a Magistrate Judge. Instead, objections to a Magistrate Judge's ruling on a non-dispositive motion are reviewed under Federal Rule of Civil Procedure 72(a). That rule provides that a district judge "must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Koetje v. Norton*, No. 13-12739, 2014 WL 2005021, at *1 (E.D. Mich. May 16, 2014) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948)). "Rule 72(a) provides considerable deference to the determinations of the magistrate

judges." *Id*. "This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently." *LaFountain v. Martin*, No. 07-cv-76, 2010 WL 1416864, at *1 (W.D. Mich. Apr. 2, 2010).

## III

### A

The Court begins with Harris' initial set of objections. (*See* Obj., ECF No. 21.) In Harris' first objection, he argues that (1) the Magistrate Judge "bas[ed her] analysis on the First Amended Complaint" which contained claims that he "expressly abandoned" and (2) the Magistrate Judge "ignore[d]" his new proposed "equal protection, due process, and conspiracy claims" in his proposed Second Amended Complaint. (*Id.*, PageID.368-369.)  This objection lacks merit and is **OVERRULED**.

First, it was proper for the Magistrate Judge to review the First Amended Complaint because it is (1) the currently operative pleading in this action and (2) the pleading that Defendants moved to dismiss in the pending motion to dismiss.

Second, it simply is not factually accurate to say that the Magistrate Judge "ignored" Harris' new proposed claims.  Indeed, the majority of the First R&R is directed at those claims, and the Magistrate Judge explained in detail why those

9

claims failed and why it was futile to grant Harris leave to amend to raise those claims. (*See* First R&R, ECF No. 20, PageID.355-363.)

For all of these reasons, this objection is **OVERRULED**.

## B

Next, Harris challenges the Magistrate Judge's conclusion that he had failed to plead sufficient facts in support of his claim that Defendants selectively enforce their traffic laws against African American drivers. (*See* Obj., ECF No. 21, PageID.370.) Harris claims that the Magistrate Judge "fail[ed] to credit [his] sworn affidavit" which he says "provides detailed, date-specific allegations identifying the officers, judges, and prosecutors involved" in the alleged selective enforcement scheme. (*Id.*, PageID.369-370.) The Court disagrees.

As the Magistrate Judge correctly explained, in order to state a selective enforcement claim, Harris needed to plead facts that could support the following three elements:

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.
>
> With regard to the first element, it is an absolute requirement that the plaintiff make at least a *prima*

> *facie* showing that similarly situated persons outside her category were not prosecuted. Furthermore, there is a strong presumption that the state actors have properly discharged their official duties, and to overcome that presumption the plaintiff must present clear evidence to the contrary; the standard is a demanding one.

*Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000) (internal citations and quotation marks omitted).

Here, Harris has not pleaded facts that could establish these elements of his selective-enforcement claim. For example, he has not pleaded facts that could support a finding that similarly situated persons outside of his protected class were not prosecuted for similar traffic offenses or were given less harsh punishments than he received for the same violation(s). Nor has he alleged facts that the prosecution against him was initiated with a discriminatory purpose.

Harris counters that his allegations are sufficient. More specifically, he says that he alleged that when he appeared for a May 15, 2025, hearing on his traffic infraction, he "observed that all but two defendants (one Caucasian, one Hispanic male) were Black," and he insists that because most of the other defendants awaiting hearings that day were African American, that fact alone "indicate[s] racial targeting."[3] (Resp., ECF No. 12, PageID.276; Harris Aff. at ¶ 4, ECF No. 13,

---

[3] While Harris appears to argue in his objections that the Magistrate Judge "fail[ed] to credit" his allegations regarding the racial makeup of the defendants appearing for hearings on May 15, 2025 (Obj., ECF No. 21, PageID.369), the Magistrate Judge

11

PageID.286-287.) But Harris' assertions regarding the May 15 hearing cannot support a *prima facie* finding of selective enforcement. Harris does not identify what offenses the other defendants who were in court that day were charged with. Thus, it is mere speculation to conclude that just because the majority of the defendants in court that day were African American that Defendants were engaged in a pattern of selectively-enforcing certain traffic laws against African Americans. Moreover, Harris bases his claim of selective enforcement on the racial composition of criminal defendants on a single hearing day. In the absence of any other allegations regarding those defendants, the charges they faced, or the punishments they may have received, the mere fact that on one morning the majority of the defendants appearing in court were African American does not plausibly establish a selective enforcement claim.

For all of these reasons, this objection is **OVERRULED**.

### C

Harris next objects to the Magistrate Judge's conclusion that his new proposed claims "lack[ed] merit." (Obj., ECF No. 21, PageID.370.) He says that in reaching that conclusion, the Magistrate Judge ignored that he "abandoned frivolous claims, narrowed the action to concrete constitutional issues, and incorporated new evidence." (*Id.*) But to the extent that this objection appears to allege that the

---

did address those allegations and explain why they were not sufficient to support a viable selective enforcement claim. (*See* First R&R, ECF No. 20, PageID.358.)

Magistrate Judge failed to consider the new allegations Harris included in his proposed Second Amended Complaint, that claim fails for all of the reasons explained above. Simply put, the Magistrate Judge undertook a careful analysis of those new claims when Harris proposed raising them in his response to Defendants' motion to dismiss (*see* First R&R, ECF No. 20, PageID.355-363), and she explained in detail why they lacked merit. Harris has not identified any legal authority that undermines the Magistrate Judge's reasoning.

Harris further argues that he "diligently sought supporting records through [Freedom of Information Act] requests to the Michigan State Police and the 34th District Court," and he insists that the denial of those requests "underscore[s] that critical evidence necessary to prove [his] claims is in the exclusive possession of other parties." (Obj., ECF No. 21, PageID.370-371.)  But Harris brings no claims arising out of the denial of his Freedom of Information Act request(s), nor has he shown that he requested records from the proper parties or that he was legally entitled to those records. He simply has not persuaded the Court that the denial of his Freedom of Information Act request(s) somehow renders his claims in the proposed Second Amended Complaint plausible or viable.

For all of these reasons, this objection is **OVERRULED**.

**D**

In his next objection, Harris argues that the Magistrate Judge improperly recommended that the Court remand his state-law claims to state court. (*See id.*, PageID.371.) More specifically, Harris says that the Magistrate Judge should have first "address[ed] whether [the Defendants] fall within exceptions to the Michigan Governmental Tort Liability Act." (*Id.*) The Court disagrees. There was no basis to undertake an analysis under Michigan's Governmental Tort Liability Act because the Magistrate Judge recommended dismissing Harris' federal claims and remanding his state-law claims to state court. And such a recommendation to remand is appropriate where, as here, all of a plaintiff's federal claims fail. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (noting that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well").

For all of these reasons, this objection is **OVERRULED**.

**E**

Harris next argues that the Magistrate Judge wrongly recommended denying his non-dispositive motions as moot because that recommendation "assumes dismissal of [his] federal claims." (*Id.*, PageID.372.) Harris asserts that "[i]f [his] Proposed Amended Complaint is accepted, these motions remain live." (*Id.*) Because the Court concludes that Harris should not be permitted to file his Second

Amended Complaint, it agrees with the Magistrate Judge that his other motions are now moot.  It therefore **OVERRULES** this objection.

## F

Next, Harris argues that the Magistrate Judge erred when she concluded that his claim arising out of the alleged coercive nature of his plea was barred by *Heck*. (*See* Obj., ECF No. 27, PageID.456-457.[4])  But Harris has not explained how the Magistrate Judge's legal analysis was incorrect.  While Harris asserts that he is "not challeng[ing] his guilt or the factual basis" for the citation that led to his guilty plea, he maintains that his "allegations state a plausible claim that [his] plea was involuntary and obtained in violation of his due process rights." (*Id.*, PageID.457.)  Because such a claim would "necessarily imply the invalidity of his conviction or sentence," the Magistrate Judge correctly concluded that the claim is barred by *Heck*. *Heck*, 512 U.S. at 486–87. *See also Palmer v. Kilpatrick*, 65 F. App'x 999, 999 (6th Cir. 2003) (holding that because a "favorable ruling" on plaintiff's allegations "that his no contest plea was coerced" would "necessarily implicate the validity of his convictions," the plaintiff had "not raised a cognizable claim" based on *Heck*).

For all of these reasons, this objection is **OVERRULED**.

---

[4] Harris' remaining objections can be found in the objections he filed to the Second R&R. (*See* Obj., ECF No. 27.)  As noted above, those objections primarily attack the reasoning and recommendations included in the First R&R.

## G

Harris next objects that the Magistrate Judge erred when she concluded that his proposed "selective enforcement claim was futile" on the basis that he failed to plead that "similarly situated drivers of other races were treated more leniently" than he was treated. (Obj., ECF No. 27, PageID.458.) He insists that his "specific observation" that the "majority of defendants" appearing in court on May 15, 2025, were African American is "a sufficient factual predicate to make [his] claim plausible." (*Id.*) But for all of the reasons the Court described above (*see* Section (III)(B)), even if the Court credited his personal observation about the racial composition of the defendants appearing in state court on May 15, 2025, that observation, standing alone, does not plausibly establish his selective enforcement claim. Simply put, as the Court has explained, the racial composition of a courtroom on a single day, on its own, does not plausibly establish "a specific, articulable policy or custom" or "coercive scheme." (*Id.*, PageID.459.) Thus, for all of the reasons explained throughout this order, this objection is **OVERRULED**.

## H

Next, Harris objects to the Magistrate Judge's conclusion that his proposed federal conspiracy claim was futile. (*See id.*, PageID.460.) Harris asserts that he alleged "a clear sequence of coordinated actions by multiple state actors working toward a common, unlawful goal." (*Id.*) The Court disagrees that Harris' federal

16

conspiracy claim is viable. For all of the reasons explained above, and the reasons explained by the Magistrate Judge, Harris cannot state a viable federal conspiracy claim because he has failed to plead a plausible underlying constitutional violation. *See Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 226 (6th Cir. 1991) ("[T]o fall within the remedial purview of § 1985(3), a plaintiff must allege that he has suffered the violation of a [constitutional] right"). Moreover, even if Harris had plausibly alleged such an underlying constitutional claim, it would implicate the validity of his conviction and therefore be barred under *Heck*.

For all of these reasons, this objection is **OVERRULED**.

I

Harris next re-raises his objection to the Magistrate Judge's recommendation that the Court decline subject-matter jurisdiction over his state-law claims. (*See* Obj., ECF No. 27, PageID.461.) Harris argues that "the Court should exercise its discretion to retain supplemental jurisdiction over the state claims to promote judicial economy, convenience, fairness, and comity." (*Id.*) The Court disagrees.

As the Sixth Circuit has explained, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). *See also Brooks*, 577 F.3d at 709. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535

(6th Cir. 2003) (internal quotation marks omitted) (affirming district court's refusal to assert supplemental jurisdiction). Indeed, district courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999).

Here, the court exercises its "broad discretion" to decline to exercise supplemental jurisdiction over Harris' remaining state-law claims because it is dismissing all of his claims over which it has original jurisdiction. Those claims – and the related and potentially complex questions of immunity under state law – are best resolved in the first instance by the state courts. The Court therefore **OVERRULES** this objection.

### J

Finally, Harris again objects to the Magistrate Judge's recommendation that the Court terminate all of his other pending motions as moot in light of her recommendation that the Court dismiss this action. (*See* Obj., ECF No. 27, PageID.463.) For the reasons explained above, the Court disagrees. The Court has concluded that Harris has failed to state any viable federal claims, and it is remanding his remaining state-law claims to state court. Because the Court is closing this case, his motions are now moot, and the Magistrate Judge properly recommended denying them.

## IV

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Harris' objections (ECF Nos. 21, 27) to the R&Rs are **OVERRULED**;

- The recommended dispositions of the R&Rs (ECF Nos. 20, 25) are **ADOPTED**;

- Defendants' motion to dismiss (ECF No. 11) is **GRANTED IN PART** to the extent it seeks dismissal of Harris' federal claims and **DENIED IN PART** to the extent that it seeks dismissal of Harris' state-law claims. Harris' state-law claims are **REMANDED** to state court;

- Harris' motion for leave to file a Second Amended Complaint (ECF No. 22) is **DENIED**; and

- Harris' remaining pending motions (ECF Nos. 4, 5, and 7) are **TERMINATED AS MOOT**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: January 14, 2026          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 14, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126